**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **Timothy M. Fitzpatrick,** ) | |
|    **PLAINTIFF,** ) | **CASE #: 3:20 -CV-706** |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MEDICREDIT, Inc** ) | |
| ) | |
| **JOHN DOE, an alias for an unknown** | **JURY TRIAL DEMANDED** |
| **person employed by MediCredit Inc.** | |
|    **DEFENDANTs.** | |

## COMPLAINT

    **COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendants MediCredit, Inc and "John Doe" an alias for an unknown individual, respectfully says as follows:

## PRELIMINARY STATEMENT

    This is an action for actual and statutory damages brought by Plaintiff Timothy M. Fitzpatrick, an individual consumer, against Defendants, MediCredit, Inc and "John Doe" an alias for an unknown individual employed by MediCredit, Inc, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1.  This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

Page 1 of 5

3.  Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4.  The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5.  **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.


## PARTIES

6.  Plaintiff, Timothy M. Fitzpatrick ("Plaintiff") is a natural person and resides in Virginia.

7.  Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8.  Defendant, MediCredit, inc ("MediCredit"), is a Missouri Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 111 Corporate Office Dr, Suite 200, Earth City, MO 63045, registered to do business in Virginia with the State Corporation Commission

9.  Defendant "John Doe" is an employee of MediCredit. The name "John Doe" is an alias for an unknown individual, and plaintiff intends to amend the complaint upon discovery of the actual name of this defendant. "MediCredit" can be served at the address in Earth City, MO.

10. The principal business of MediCredit is the collection of debts.

11. "John Doe" is an individual who regularly collects debts.

12. MediCredit regularly attempts to collect consumer debts alleged due to another.

13. "John Doe" regularly attempts to collect consumer debts alleged due to another.

14. John Doe is engaged in the collection of debts from consumers using the mails and telephone.

15. MediCredit is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

16. "John Doe" is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## **FACTS**

17. Plaintiff incurred a debt with Reston Hospital. (not a party to this case) for personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

18. Plaintiff hired counsel to communicate with Reston Hospital, believing the amount of the debt was in error. A copy of counsel's letter to the hospital is attached as exhibit A (redacted letter).

19. In response, Reston Hospital sent very limited billing information, but not all of the information requested, on July 2 to counsel for plaintiff (Exhibit B – redacted bill)

20. Upon information and belief, the debt was assigned by Reston Hospital to MediCredit after default.

21. On August 29, 2020, Defendant MediCredit sent a letter directly to Plaintiff Timothy Fitzpatrick, at the address of the attorney for plaintiff. Exhibit C (redacted collection letter)

22. On September 4, 2020, Counsel for plaintiff then sent ANOTHER letter to MediCredit, asking for the same, missing information, again, still believing there to be a billing error. Exhibit D, redacted letter.

23. On September 9, 2020, defendant MediCredit, by its employee, John Doe, contacted plaintiff, directly on his cell phone, rather than the office of the attorney for Plaintiff.

24. On information and belief, the call was recorded.

25. In that conversation, the employee, plaintiff stated to John Doe that he had an attorney, and that he did not wish to communicate with defendants.

26. Plaintiff refused to communicate about the bill, but referred John Doe to his counsel.

27. Defendant John Doe stated that he was aware of representation, but that he needed to speak to plaintiff, to discuss the debt and "go over the account".

28. Plaintiff hung up the phone and was visibly shaken by the experience.

29. Plaintiff suffered emotional distress and anxiety and his work suffered. His direct supervisor noticed the degradation in the quality of the work. There was also a co-worker who also noticed the degradation in performance.

30. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

31. Plaintiff restates and re-alleges all previous paragraphs herein.

32. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

   a. Defendant has violated the FDCPA 15 U.S.C. § 1692c(a)(2), in that they communicated with a person known to be represented by counsel.

   b. Defendant has violated the FDCPA 15 U.S.C. § 1692d, in that used abusive and harassing actions in the collection of a consumer debt.

   c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

   d. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

   e. Defendant has violated the FDCPA 15 U.S.C. § 1692g(b), in that it made demand for payment after receiving notice that the debt was disputed, but before providing validation of the debt.

33. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on

his behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual

damages, attorney fees, and costs.

**TIMOTHY M. FITZPATRICK**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 phone
804.234.1159 fax